IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIA A. PEÑA CORNELIO,

    Plaintiff,

v.       CIVIL NO. 98-1957 (RLA)

AUDIO VISUAL LANGUAGES OF
PUERTO RICO, INC. et al.,

    Defendants.

## MINUTES OF SETTLEMENT CONFERENCE HELD ON FEBRUARY 23, 2000 AND RESCHEDULING PRETRIAL CONFERENCE AND TRIAL

The parties appeared before the undersigned in chambers for a Settlement Conference on February 23, 2000, from 3:30 p.m. to 4:35 p.m. RAUL E. VARANDELA VELAZQUEZ, ESQ., represented plaintiff and JOSE R. FRANCO, ESQ. the defendants.

### DISCOVERY PROBLEMS

**Production of Documents/Document Inspection**

Plaintiff's counsel informed that he had been unable to meet with opposing counsel to review defendants' records in accordance with our Order of January 24, 2000 (docket No. 32) because defendant had not responded to his February 3, 2000 letter wherein he proposed various dates for the pertinent inspection of documents. Defendants's counsel's position is that he did not need to respond

CIVIL NO. 98-1957 (RLA)                                              Page 2

because the documents were in his office and plaintiff's counsel could have come by to review and copy the same without his need to be present.

The Court having heard argument on this matter, and having determined that counsel for defendant failed to comply with the Order of this Court by ignoring and otherwise failing to diligently respond to opposing counsel's offer to meet to resolve discovery differences, it is

ORDERED that JOSE R. FRANCO, ESQ., is hereby personally **SANCTIONED in the amount of $200.00**, which sum shall be paid to plaintiff's counsel **no later than March 10, 2000,** for the time caused to be wasted by MR. VARANDELA on this matter.

### Answers to Interrogatories

Plaintiff requested the Court to reconsider its denial of her motion for sanctions (docket No. 31) due to defendant's allegedly unresponsive answers to her First Set of Interrogatories. She argued that although the Court found the responses "adequate", many were so vague as to be considered unresponsive. As an example, plaintiff pointed to the answer to question No. 14 which requested a "detailed account of the steps and method taken by Defendants to

**CIVIL NO. 98-1957 (RLA)**                                                          Page 3

---

'phase out and ultimately eliminate' the 'division' where Plaintiff worked for Defendants". Defendant's response, to wit: "When the defendant decided to eliminate the telemarketing department, employees were terminated and others retained on a necessity basis" does not remotely answer the question posed. The Court agreed that a review of defendant's answers to the interrogatories was warranted.

Accordingly, having reconsidered plaintiff's arguments and having re-examined the responses provided, it is hereby ORDERED that defendants shall provide **no later than March 10, 2000** detailed and responsive answers to Questions No. **13, 14, 15, 16 and 20.**

### Individual Answers to Interrogatories

Plaintiff alleges that even though she propounded individual Interrogatories upon each of the three named defendants, namely (1) AUDIO VISUAL LANGUAGES OF P.R., INC.; (2) AUDIO VISUAL LANGUAGES and (3) MR. JESUS SANTAELLA, only AUDIO VISUAL LANGUAGES OF P.R. responded.

Accordingly, it is hereby ORDERED that codefendants (1) JESUS SANTAELLA and (2) AUDIO VISUAL LANGUAGES (the Florida Corporation) shall furnish INDIVIDUAL, SWORN answers to the interrogatories propounded by plaintiff **no later than March 10, 2000.**

### Answer to Amended Complaint

Plaintiff points out that the Amended Complaint was answered only by AUDIOVISUAL OF P.R., INC. even though all three previously named defendants had answered the original complaint in October of 1998.

After reviewing the record, the Court agreed that *all* defendants had made their appearance through MR. FRANCO at the time that the answer to the original complaint was filed. Accordingly, the ANSWER TO THE AMENDED COMPLAINT filed by codefendant AUDIO VISUAL LANGUAGES OF P.R. on August 18, 1999, shall be DEEMED to have been filed by on behalf of all appearing defendants in this litigation.

### Settlement

The Court engaged the parties in settlement discussions. Plaintiff informed the Court that they were willing to settle the case for $36,000 and had this offer made known to opposing counsel but had received no response or counteroffer. Upon being queried by the Court, counsel for defendant admitted it had no counteroffer, despite the fact that was a settlement conference where the parties had been admonished by the Court to "attend prepared to discuss settlement in earnest".

CIVIL NO. 98-1957 (RLA)                                    Page 5

It appearing that counsel for defendant once again ignored the clear and specific instructions of this Court, MR. JOSE R. FRANCO, Esq. is hereby personally **SANCTIONED in the amount of $100.00** which sum shall be paid to plaintiff's attorney **no later than March 10, 2000** for the time caused to be wasted by opposing counsel.

**Belated Requests for Extensions of Discovery Deadlines**

Plaintiff's request to be allowed to announce/identify and provide a report for a psychiatric/psychological expert as well as an expert economist at this late date is **DENIED**.

Similarly defendant's belated request to be allowed to file a dispositive motion on the issue of the supervisor's liability under Title VII is likewise **DENIED**.

**TRIAL**

It appearing that this case is ready for trial, the JURY TRIAL originally set for August 8, 2000 is hereby rescheduled for **April 11, 2000, at 9:30 a.m.**

**PRETRIAL/SETTLEMENT CONFERENCE**

The PRETRIAL/SETTLEMENT CONFERENCE originally set for August 2, 2000 is hereby rescheduled for **April 3, 2000 at 2:30 p.m.**

AO 72
(Rev 8/82)

CIVIL NO. 98-1957 (RLA)                                                Page 6

---

The **JOINT PRETRIAL MEMORANDUM** in accordance with the Order issued on October 15, 1999 (docket No. 28) shall be filed **no later than March 27, 2000.**

**STANDING ORDER**

In accordance with the undersigned's Standing Order for Civil Trial, the JURY INSTRUCTIONS, VOIR DIRE and VERDICT FORMS shall be filed **no later than April 6, 2000.**

This Order shall be notified by **FAX** and mail.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 25th day of February, 2000.

                                                RAYMOND L. ACOSTA
                                                United States District Judge

CIVIL NO. 98-1957 (RLA)                                                   Page 7

## SUMMARY OF DEADLINES AND SETTINGS

| | |
|---|---|
| 3/10/2000 | Deadline for defendants' counsel to pay sanctions. |
| 3/10/2000 | Deadline for propounding detailed responses to interrogatories No. 13, 14, 15, 16 & 20. |
| 3/10/2000 | Deadline for codefendants JESUS SANTAELLA and AUDIO VISUAL LANGUAGES to propound individual responses to interrogatories. |
| 3/27/2000 | Deadline for filing JOINT PRETRIAL ORDER |
| 4/3/2000 | PRETRIAL/SETTLEMENT CONFERENCE at 2:30 p.m. |
| 4/6/2000 | Deadline for filing TRIAL BRIEF, PROPOSED JURY INSTRUCTIONS, PROPOSED VOIR DIRE and PROPOSED VERDICT FORM |
| **** | Parties to mark evidence prior to trial |
| **** | Parties to provide the court copy of all documents intended to be presented as evidence at trial. |
| 4/11/2000 | JURY TRIAL at 9:30 a.m. |